Jones, J.
A great deal of irrelevant matter has crept into the pleadings and briefs of counsel, relating especially to the policy of the two factions with respect to the control of this corporation. The only question presented to this court is the legal one, whether, upon the facts stated, and by the method of cumulative voting adopted by the stockholders at their meeting on January 18, 1919, a new board of directors was legally elected for the ensuing year.
In this instance the corporate stock was in the control of a single family and was equally divided between two factions of that family, each of which held 320 shares. No question is made that the annual meeting was not properly called. In any event all the corporate stock was present in person or by proxy and participated in the early part of the *276 proceedings, including the first ballot for the election of directors. On the first ballot each faction cumulated its voting strength for its particular nominees. On that ballot, while four of the nominees received 533 votes, two of the nominees, to-wit, Marguerite T. DuBrul and Anna M. DuBrul, each received 534 votes, which comprising a majority of the number of shares validly elected them as two of the five 'directors of this corporation. From this point throughout, the attitude of the chairman of the meeting was that no board had been elected because of the tie vote. He refused to entertain further balloting, and, over the protest of the opposing faction, declared the meeting adjourned and that the old board of directors held over.
For a number of years we have had engrafted in our law the principle of cumulative voting for the election of corporate directors. This voting rule abrogates the old common-law rule and now permits the shareholder to vote his shares either singly for as many directors as are to be elected, or to cumulate his shares by a multiple equivalent to the number of directors to be elected and to vote the multiple either for a single person or distribute it among as many nominees as he may see fit.
Section 8636, General Code, provides that at such election of directors “each stockholder shall have the right to vote in person or by proxy the number of shares owned by him for as many persons as there are directors to be elected, or to cumu- _ late his shares and give one candidate as many votes as the number of directors multiplied by the *277 number of his shares of stock equals, or to distribute them on the same principal [principle] among as many candidates as he thinks fit. Such directors shall not be elected in any other manner ”
It is conceded that this privilege of cumulation is accorded for the sole purpose of protecting the minority stockholders, and so important has this policy become that several states haA^e incorporated this right into their organic law. If this statute is followed and the privilege therein given is exercised in good faith by shareholders of a corporation neither the majority nor the minority stockholders have any right to complain, for, while the majority may still control the corporate management, the minority, if, it has sufficient strength, can obtain representation on the board. The stronger the strength of the minority the larger will be the representation which it will be able to obtain by this method of cumulative voting; but, in no instance, if the majority follow the same tactics as the minority and cumulate its strength, can such minority acquire the majority of the board of directors. ' On the ' other hand, by obtaining a minority representation upon its board of-directors, the minority can thereby obtain direct contact with the business of the corporation, and its management, and observe the conduct of the corporate officers whom the directors may employ.
One of the principal legal questions that arises in this case is to what extent and for how many ballots may a shareholder exercise his privilege of cumulative voting. At this meeting, the result of the first ballot, in which all the stockholders had *278 cumulated their votes, disclosed that while two of the candidates, had received 534 votes each, four other nominees had received but 533 votes each, and as a matter of course but two were elected, to-wit, Marguerite T. DuBrul and Anna M. DuBrul. They should have been declared elected by the chairman of the stockholders’ meeting. It became incumbent thereupon to elect three other members of the board. In support of the chairman’s ruling, the defendants now say, that under the section above quoted the shareholders could cumulate their shares but for a single ballot, and that all of the shareholders having expended their strength on the first ballot no further ballot could be taken.
An examination of Section 8636, General Code, discloses that this privilege is not thus limited in express terms. By its language this privilege would seem unlimited, for the section does not curtail the rights of the shareholder in this respect to a single ballot, a first ballot or to any other ballot. The section gives the shareholder the right to vote for “as many persons as there are directors to be elected,” and further gives him the right to vote his cumulative shares for any one candidate or to distribute them among more. After the first ballot there were three “directors to be elected ” If this voting had proceeded as before, inasmuch as the rival factions had equal shares, it is manifest that no full board of directors could have been elected, unless one or more of the shares changed its voting attitude. However, we are more concerned with the adoption of a general rule which *279 will apply to corporate affairs rather than to this particular instance.
We have no hesitancy in holding that the language and purpose of the statute is to permit the privilege of cumulative voting to all of the shareholders, not only on the first, but on successive ballots, where “directors are to be elected.” By exercising the right of cumulative voting on the first and successive ballots, giving the majority the same right that the minority has, the majority at all times may succeed in controlling a majority of the board. It is true, if the majority contents itself with distributing its votes among all five directors, that a strong minority may be able by its cumulative voting strength to elect four of them. Let us take for an illustration the stock of a corporation which has one hundred shares, whereof the majority controls fifty-one shares and the minority strength of the shareholders constitutes the balance, or forty-nine shares. Here the factional strength is nearly equal, and yet should the majority content itself with casting its cumulative vote for three of five directors it could secure their election, thereby permitting the minority to secure two members of the board. However, in such a case, if the majority frittered its strength among five candidates, while the minority cumulated its strength upon four, it would be the fault of the majority if it thus permitted the minority to obtain control of the corporate management, as was done in the case of Pierce v. Commonwealth, 104 Pa. St., 150. One distinct advantage is to be gained from the adoption of this construction. It may *280 cause a quorum of directors to be elected, which could continue the management of the corporation!
If the second ballot taken at the annual election, whereby Telford A. DuBrul and Clarence J. DuBrul each received 480 votes from the opposing faction, voting cumulatively, is invalid, it is manifest that the two persons receiving the majority on the first ballot cannot be inducted into office, and that the old board .would remain until their successors are legally chosen. However, where the' board consists of five persons, a majority may form a board and be inducted, if validly elected (Wright et al. v. Commonwealth, ex rel., 109 Pa. St., 560), and this for the reason that under the statute of this state the three newly-elected members, being a majority of the directors of the corporation, would constitute a board (Section 8664, General Code). It therefore becomes necessary to determine whether the second ballot, by which the opposing faction sought to elect Telford A. DeBrul and Clarence J. DuBrul, effected their election as members of the new board.
Since the shareholders had a right to vote for the remaining directors cumulatively, if they so desired, it is apparent that the chairman of the shareholders’ meeting clearly usurped the privilege which the policy and purpose of the statute gave them.
Section 8647, General Code, provides that unless the regulations of a corporation otherwise provide annual elections shall be held on the first Monday of January in each year. The by-laws of this cor *281 poration provided that such meeting should be held on the third Saturday in January of each year.
It may be that had the election for directors proceeded, the same would have resulted in a tie vote, but whether so or not it was incumbent upon the chairman to allow the stockholders to demonstrate that situation. It was possible for the stockholders to come to an ultimate selection by the method of cumulative voting. But all such! possibility was cast aside when the chairman prevented further elections to proceed, and this upon the sole ground that as there had been no election upon the first ballot, and there being a tie, there was, therefore, no election and the old directors continued in office under the provisions of Section 8647, General Code. This ruling was apparently made upon the theory that if every stockholder once cumulated his vote on the first ballot the shareholder’s voting strength was thereby exhausted. The annual meeting having been called and organized for the purpose of electing directors for the ensuing year, that became the paramount purpose of the stockholders’ meeting, and instead of hampering the selection of these directors it was the duty of the chairman to allow the election to proceed in order to effectuate that purpose if possible. Instead of doing this the chairman adjourned the meeting-. In the meantime, however, while one faction remained silent the other faction exercised its prerogative of selecting two additional directors by the cumulative method, each of which received a majority of the voting shares. In view of the fact that one faction did remain quiescent and permit the other to pro *282 ceed in the selection of additional directors, we do not think it lies in the mouth of the former faction to question the attitude of the latter. This view is supported by the following authorities: Commonwealth, ex rel., v. Vandegriff, 232 Pa. St., 53, 61; 1 Thompson on Corporations (2 ed.), Section 910, and West Side Hospital v. Steele, 124 Ill. App., 534, 542.
It was possible and it is probable that each faction would have cumulated its votes so as to result in the election of four out of the five directors, leaving the remaining director to be chosen at a later period. Although such a situation would permit each faction to have an equal number of directors, still a board would be elected which would succeed the old board in the management of the affairs of the corporation for the ensuing year. We do not question but that there may be an adjournment of a stockholders’ meeting for the selection of one or more directors, but the right of adjournment rests primarily with the stockholders. Such an adjournment should be for a reasonable time, having this purpose in view, and should not be a sine die adjournment exercised by the chairman and forestalling such purpose. Had this election proceeded by ballot for such a length of time as to demonstrate to the shareholders and their chairman that a board of directors could not be elected, in such an event either a postponement or adjournment of the meeting would be upheld. However, that situation did not develop in this case, as no opportunity was given by the chairman for compromise and adjustment, but the whole pro *283 ceeding was declared at an end for the reason already stated.
The defendants rely upon the case of The State, ex rel. Attorney-General, v. McDaniel et al., 22 Ohio St., 354, as authority for the principle that in a case of quo zvarranto this court cannot declare the plaintiffs or either of them elected and induct them into office. That case differs from the present case in this — here the contest is not between two several directors contending for election because of insufficient or illegal votes cast,' for, after the first ballot, neither of the defendants made any pretense of election. They claim as members of the old board and not as members elected at the stockholders’ meeting. Furthermore, in this case, if a judgment of ouster be given it would be against the entire board and not against a single director thereof. No doubt the decision in the above case prompted the legislation thereafter adopted, which finally culminated in Section 12318, General Code. Even if the principle announced in the McDaniel case, supra, were adhered to, the foregoing section of the General Code would now permit “induction in favor of the person who was entitled to be declared elected.” Section 12319, General Code, authorizes the court, if it sees proper, to order a new election under judges appointed by it. Having declared the cumulative method of voting valid, as exercised on the second ballot, and having further held that Clarence J. DuBrul and Telford A. DuBrul each received a majority of the votes on that ballot, there is no con *284 sistent recourse that we can adopt except that of inducting those two persons into office.
It is, therefore, the judgment of this court (a) that cumulative voting is permitted by our statute on the first and successive ballots; (b) that under the circumstances stated Telford A. DuBrul and Clarence J. DuBrul received a majority of the shares on the second ballot, and were elected; (c) that on the third ballot, Liliose DuBrul, having received the vote of a majority of the shares, was also elected, (d) that Marguerite T. DuBrul, Anna M. DuBrul, Clarence J. DuBrul, Telford A. DuBrul and Liliose DuBrul were legally elected as members of the hoard of directors and should be inducted as directors, and Ernest F. DuBrul and Davila S. DuBrul ousted. Judgment is entered accordingly.

Judgment of ouster.

Matthias, Johnson, Donahue and Robinson, JJ., concur.
Nichols, C. J., not participating.